**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FREDERICK ROGER HINKSON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE CITY OF NEW YORK PRINCIPAL MUNICIPALITY, *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No. 24-06813 (GC) (RLS)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

　　This matter comes before the Court on the Complaint and Application to Proceed *In Forma Pauperis* (IFP) filed by Plaintiff Frederick Roger Hinkson against Defendants the City of New York Principal Municipality, New York City Parks and Recreations, New York City Health and Hospital, and New York City Human Resources Administration.  (ECF No. 1.)  For the reasons set forth below, and other good cause shown, Hinkson's Complaint is **DISMISSED**.

**I.　BACKGROUND**

　　This matter appears to relate to an injury Plaintiff sustained in 1980 when he was seven years old.  (ECF No. 1 at 5; ECF No. 1-2 at 56.[1])  As alleged in the Complaint, Plaintiff was struck by a swing in a park while working as a New York City Parks and Recreation Employee at the age of seven.  (ECF No. 1-2 at 56.)  A swing was coiled on top of the swing set, and after Plaintiff's

---

[1]　Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

friend climbed the swing set and released the swing, it struck Plaintiff in the head. (*Id.*) As a result of the swing incident, Plaintiff suffered a traumatic brain injury which was allegedly not discovered until December 18, 2018. (ECF No. 1-2 at 3, 56.)

Plaintiff subsequently filed the instant action against Defendants over forty years after the swing incident occurred. He asserts that "NYC had implied rules that children sometimes have to act first like [an] [a]dult . . . [and] fix vandalized property to play" even though said children have not received "proper training or equipment." (ECF No. 1-2 at 56.) According to the Complaint, Plaintiff's friend "was tricked into becoming a [city worker] by implied NYC instructions." (*Id.*) In other words, Plaintiff appears to suggest that children playing in the park who come across purportedly dangerous structures "must switch their roles" from unemployed children to New York City workers responsible for abating hazards in parks. (ECF No. 1 at 5.)

Plaintiff seeks damages for violations of the following: (1) Interstate Commerce Act; (2) Fair Labor Standards Act (FLSA); (3) Occupational Safety and Health Act (OSHA); (4) Whistleblower Protection Act; (5) "Federal Rehabilitation Act"; (6) Consumer Product Safety Act; (7) Federal Family Violence Prevention and Services Act; (8) Fair Housing Act; (9) Victims of Crime Act; (10) 42 U.S.C. § 1983; (11) Civil Rights Act of 1964, Titles I-XI; (12) Social Security Act; (13) "Article III Power and Authority of Federal Judiciary Judges"; and (14) Supremacy Clause of the United States Constitution.[2] (ECF No. 1 at 4.)

---

[2] The Court has diversity-based subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1).

## II.     LEGAL STANDARD

### A.     *In Forma Pauperis*

To avoid paying the filing fee for a civil case in this district, a litigant may apply to proceed IFP. In considering applications to proceed IFP, the Court engages in a two-step analysis. *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). *Id*. Under Section 1915(a), a plaintiff's application must "state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Simon v. Mercer Cnty. Comm. College*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011) (citing *United States ex rel. Roberts v. Pennsylvania*, 312 F. Supp. 1, 2 (E.D. Pa. 1969)).

Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e). *Ball v. Famiglio,* 726 F.3d 448, 452 (3d Cir. 2013); *Green v. Izod Corp. Office & Head-Quarters*, Civ. No. 22-06380, 2024 WL 1809859, at *2 (D.N.J. Apr. 25, 2024) (citing *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)) ("To guard against potential 'abuse' of 'cost-free access to the federal courts,' 28 U.S.C. § 1915(e) empowers district courts to dismiss an IFP complaint if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards."). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure [('Rule')] 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

"[A] court may dismiss an in forma pauperis claim as frivolous if, after considering the contending equities, the court determines that the claim is: (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial." *Deutsch*, 67 F.3d at 1082.

### B.     Rule 12(b)(6) – Failure to State a Claim

Although courts construe pro se pleadings less stringently than formal pleadings drafted by attorneys, pro se litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### C. Pleading Requirements—Rule 8

Rule 8 sets forth general rules of pleading and requires (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(1), (a)(2), (d).  The allegations in the complaint must not be "so undeveloped that [they do] not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).  Even pro se litigants must "comply with the basic pleading requirements of Rule 8(a)." *Purisma v. City of Philadelphia*, 738 F. App'x 106, 107 (3d Cir. 2018).

4

## III.   DISCUSSION

### A.   Application to Proceed *In Forma Pauperis*

The Court exercises its discretion to review the merits of Hinkson's complaint before it decides the IFP application. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) ("[A] court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously."); *see also Schwager v. Norristown State Hosp.*, Civ. No. 23-3866, 2023 WL 8458236, at *2 (E.D. Pa. Dec. 5, 2023) (screening the complaint before addressing the IFP application).

### B.   Review under 28 U.S.C. § 1915(e)

Beginning with step two, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted.[3]

First, Plaintiff's claims under the Interstate Commerce Act, Whistleblower Protection Act, Federal Rehabilitation Act, Federal Family Violence Prevention and Services Act, Fair Housing Act, Victims of Crime Act, OSHA, and Consumer Product Safety Act are all dismissed either because these statutes do not create a private right of action, or because Plaintiff has not provided any plausible basis to show that these statutes apply to the facts of this case. *See, e.g.*, *Mitsui O.S.K. Lines, Ltd. v. Evans Delivery Co., Inc.*, 948 F. Supp. 2d 406, 411 (D.N.J. Jun. 10, 2013) (explaining that the Interstate Commerce Act regulates the transportation industry); *Fleeger v. Principi*, 221 F. App'x 111, 115 (3d Cir. 2007) (noting that the Whistleblower Protection Act of 1989 applies only to federal employees); *Mengine v. Runyon*, 114 F.3d 415, 418 n. 2 (3d Cir. 1997)

---

[3]   "Article III Power and Authority of Federal Judiciary Judges" and Supremacy Clause of the United States Constitution are not cognizable causes of action. (ECF No. 1 at 4.)

(The Rehabilitation Act only applies to federal employers or employers that receive federal funding, and in scenarios where a plaintiff shows he has a qualifying disability, he is qualified to perform the essential functions of the job (with or without reasonable accommodations), and he is terminated or otherwise prevented from performing the job); *Stover v. Newberry Twp.*, 2022 WL 22738216, at *10 (M.D. Pa. Apr. 18, 2022) (noting that the Family Violence Prevention & Services Act applies in the context of family violence); *Revock v. Cowpet Bay W. Condo. Ass'n*, 853 F.3d 96, 104 (3d Cir. 2017) (recognizing that the Fair Housing Act applies in the context of housing); *United States v. Simpson*, 885 F.2d 36, 41 (3d Cir. 1989) (noting that the Victims of Crime Act establishes a scheme to provide funding to compensate and assist victims of federal and state crimes); *Ries v. Nat'l R.R. Passenger Corp.*, 960 F.2d 1156, 1164 (3d Cir. 1992) ("[S]everal courts of appeals, including this one, have held that OSHA does not create a private cause of action against an employer for a violation."); *Gore v. Clyde & Co. U.S. LLP*, Civ. No. 24-9695, 2024 WL 4818793, at *2 (D.N.J. Nov. 18, 2024) (dismissing pro se plaintiff's Consumer Product Safety Act claim because the plaintiff failed to plead "any knowing (including willful) violation of a consumer product safety rule, or any other rule or order issued by the Commission").

Plaintiff's allegations relate to a childhood injury sustained while playing in a park and being implicitly required to assume the role of a government employee responsible for ensuring the safety of park patrons while still a minor. Because the Interstate Commerce Act, Whistleblower Protection Act, the Federal Rehabilitation Act, Federal Family Violence Prevention and Services Act, Fair Housing Act, Victims of Crime Act, OSHA, and the Consumer Product Safety Act either do not create a private right of action or apply to this case, based on the facts alleged, Plaintiff has failed to state a claim upon which relief may be granted as to these claims.

Second, Plaintiff's claim under the Social Security Act is dismissed because Plaintiff has failed to plead facts or provide sufficient evidence that he has exhausted his administrative remedies prior to filing the instant action. *See Repella v. Kijakazi*, 2023 WL 7336536, at *1 (M.D. Pa. Nov. 7, 2023) (outlining the administrative remedies that a claimant must exhaust prior to bringing suit in federal court).

Third, Plaintiff's claims under the Civil Rights Act of 1964, Titles I-XI, are dismissed either because these titles do not create a private right of action, Plaintiff has not provided any plausible basis to show that these titles apply to the facts of this case, or the claims are time barred. *See, e.g., Pa. State Conf. of NAACP Branches v. Sec'y Commonwealth of Pa.*, 97 F.4th 120, 126 (3d Cir. 2024) (noting that Title I of the Civil Rights Act relates to voting rights); *Mouzone v. N.J. Motor Vehicle Comm'n*, Civ. No. 21-16129, 2022 WL 7166299, at *2 (D.N.J. Aug. 18, 2022) (noting that Title II of the Civil Rights Act allows only claims for injunctive relief, not those seeking damages); *Carroll v. Millersville Univ. of Pa.*, 2020 WL 762509, at *11 (E.D. Pa. Feb. 14, 2020) (noting that there is no private right of action under Title III of the Civil Rights Act); *Id.* (noting that Title IV of the Civil Rights Act applies to segregation in schools); *John v. Pa. Dep't of Human Serv.*, 2024 WL 3204474, at *2 n.7 (E.D. Pa. June 26, 2024) (noting that there is no private right of action under Title V of the Civil Rights Act); *Thomas v. Advance Housing, Inc.*, 475 F. App'x 405, 406-07 (3d Cir. 2012) (Title VI claims under the Civil Rights Act are governed by a two-year statute of limitations period); *Jalil v. Attorney General*, Civ. No. 24-1055, 2024 WL 4799840, at *4 (D.N.J. Nov. 14, 2024) (noting that Title VII claims under the Civil Rights Act must be filed with the Equal Employment Opportunity Commission (EEOC) within 180 or 300 days from the occurrence of the discrimination, or 90 days from receipt of a right-to-sue letter);

*Fontanez v. Facebook, Inc.*, 2021 WL 7448538, at *2 n.1 (D.N.J. Oct. 18, 2021) (noting that Title VIII of the Civil Rights Act relates to compilation of voting statistics).[4]

Third, Plaintiff's FLSA and § 1983 claims are dismissed as time barred. *See, e.g., Stone v. Troy Constr., LLC*, 935 F.3d 141, 148 (3d Cir. 2019) (FLSA claims are subject to either a two- or three-year statute of limitations period); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (noting that § 1983 claims are governed by a two-year statute of limitations period). Plaintiff's claims under these statutes are untimely even if the Court were to equitably toll the limitations period to December 2018, when Plaintiff discovered his alleged injury.

Because the Complaint fails to state any claim upon which relief can be granted and would be time-barred even if it stated any viable claim, the Complaint must be dismissed.

## IV.  **CONCLUSION & ORDER**

For the foregoing reasons, and other good cause shown,

**IT IS** on this ___4th___ day of December 2024 **ORDERED** as follows:

1. Plaintiff's Complaint (ECF No. 1) is **DISMISSED**.
2. The Clerk's Office is directed to mail Plaintiff a copy of this Memorandum Order and **CLOSE** this case.

_____
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[4]  Titles IX through XI of the Civil Rights Act of 1964 are not cognizable causes of action.